[No. 20847-8-III.   Division Three.   December 5, 2002.]

HANSON INDUSTRIES, INC., *Appellant*, v. SPOKANE COUNTY, *Respondent*.

*Gerald R. Neal* (of *Preston, Gates & Ellis, L.L.P.*), for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Robert B. Binger, Deputy*, for respondent.

SWEENEY, J. — A deed conveying a right-of-way to a railroad for purposes of constructing a railway is generally construed as granting an easement rather than an estate in fee simple. Hanson Industries, Inc.'s predecessors-in-interest conveyed what was described as a "right-of-way" to the railroad. The question presented is whether the original grantors of the right-of-way intended to convey an *easement* or *fee title*. Based on our reading of the deeds and the relevant case law, we conclude that an easement was intended. We therefore reverse the trial court's summary judgment to the contrary and remand for judgment in favor of Hanson Industries, Inc., the successor to the original grantors.

## FACTS

In 1903 and 1904, three adjacent landowners conveyed a right-of-way across their property to a railroad company. Burlington Northern Railroad Company is the successor-in-interest to the grantee railroad. Hanson Industries, Inc. is the successor-in-interest to the grantors. Burlington Northern abandoned the rail line in 1986 or 1987 and quitclaimed its interest to Spokane County in 1991 for $5,000. Hanson Industries sued Spokane County to quiet title to a portion of the abandoned right-of-way, 60 to 100 feet wide.

The County used portions of the property for a road, sewers, water lines, and the Centennial Trail. The County also traded a 6.4-acre parcel valued at $278,692 to Metropolitan Mortgage and Securities, Inc., in 1996 for land of equal value.

The parties to this action stipulated to the material facts. And both moved for summary judgment—Hanson Industries for a ruling that the deeds convey only an easement and the County for a ruling that they convey an estate in fee simple. Hanson Industries claims that the 1991 quitclaim deed from Burlington Northern to the County is a nullity, because Burlington Northern's only interest was an easement that automatically reverted to the grantors upon abandonment.

The court denied Hanson Industries' motion for summary judgment, granted the County's motion, and quieted title to the parcels in Spokane County. In doing so, the court necessarily found that the intent of the original grantors was to convey a fee simple estate, not an easement.

## DISCUSSION

We are asked here to interpret old deeds to determine the nature of the interest conveyed.

■ *Scope and Standard of Review.* Interpretation of a deed is a mixed question of fact and law. *Roeder Co. v.*

*Burlington N., Inc.*, 105 Wn.2d 567, 571-72, 716 P.2d 855 (1986). Here, the parties agree on all the material historical facts. Summary judgment is, therefore, appropriate. *See, e.g., Harris v. Ski Park Farms, Inc.*, 120 Wn.2d 727, 736, 844 P.2d 1006 (1993).

■ We must determine what estate the original parties intended to convey. This also is a question of fact. To determine that, we examine the four corners of the deeds, in light of the substantial body of case law interpreting similar documents. *Lawson v. State*, 107 Wn.2d 444, 448, 730 P.2d 1308 (1986) (citing *Roeder*, 105 Wn.2d at 571-72); *Veach v. Culp*, 92 Wn.2d 570, 573, 599 P.2d 526 (1979).

■ *Easement versus Fee*. A right-of-way for a railroad may be conveyed either in fee simple or as an easement. *Morsbach v. Thurston County*, 152 Wash. 562, 573, 278 P. 686 (1929); *Veach*, 92 Wn.2d 570.

We begin by agreeing with those courts that have found the case law on this topic to be "in disarray." *See, e.g., Brown v. State*, 130 Wn.2d 430, 436-37, 924 P.2d 908 (1996); *Swan v. O'Leary*, 37 Wn.2d 533, 535, 225 P.2d 199 (1950). Every state jurisdiction has interpreted railroad right-of-way deeds. And the authorities are split. A minority of jurisdictions presume the conveyance of a fee unless an easement is unambiguously expressed. The majority, including Washington, hold that a grant for the purpose of a railroad right-of-way conveys an easement only, absent express language to the contrary. *See* A.E. Korpela, Annotation, *Deed to Railroad Company as Conveying Fee or Easement*, 6 A.L.R.3d 973 (1966), cited in numerous Washington cases. *See, e.g., Brown*, 130 Wn.2d at 436; *Veach*, 92 Wn.2d at 574; *King County v. Squire Inv. Co.*, 59 Wn. App. 888, 892 n.1, 801 P.2d 1022 (1990).

■ Our task is to discover and give effect to the intent of the parties as expressed in these documents. *Brown*, 130 Wn.2d at 437; *Roeder Co. v. K&E Moving & Storage Co.*, 102 Wn. App. 49, 53, 4 P.3d 839 (2000), *review denied*, 142 Wn.2d 1017 (2001). We gather that intent from the whole instrument. *Tacoma Mill Co. v. N. Pac. Ry.*, 89 Wash. 187,

202, 154 P. 173 (1916); *Zobrist v. Culp*, 18 Wn. App. 622, 628, 570 P.2d 147 (1977). To the extent possible, every " 'word, clause and expression' " is to be given meaning. *Zobrist*, 18 Wn. App. at 628 (quoting *Gold Bar v. Gold Bar Lumber Co.*, 109 Wash. 391, 393-94, 186 P. 896 (1920)).

▮ The chaos reflected in court decisions arises from the unique nature of railroad rights-of-way. A railroad right-of-way is a very substantial thing, more than a mere right of passage and more than an ordinary easement. *Morsbach*, 152 Wash. at 569 (citing *W. Union Tel. Co. v. Pa. Ry.*, 195 U.S. 540, 570, 25 S. Ct. 133, 49 L. Ed. 312 (1904) and *Abercrombie v. Simmons*, 71 Kan. 538, 81 P. 208, 211 (1905)); *State ex rel. N. Coast Ry. v. N. Pac. Ry.*, 49 Wash. 78, 84, 94 P. 907 (1908). It is often likened to a determinable fee. *See, e.g., Morsbach*, 152 Wash. at 568; *Brown*, 130 Wn.2d at 439. It is an easement with the substantiality of a fee and the attributes of a fee, perpetuity and exclusive use and possession; also the remedies of a fee. *Morsbach*, 152 Wash. at 569. This "fee-like" estate is frequently granted in terms usually associated with the grant of a fee simple. *See, e.g., Morsbach*, 152 Wash. at 569-70. But whatever it is called, the railroad right-of-way is taken for a specific purpose—to be held only so long as it is devoted to that purpose. *Swan*, 37 Wn.2d at 535-36.

▮ Perhaps for this reason, general rules of deed interpretation are not dispositive in determining the interest intended by the grantor. Instead, Washington decisions have consistently interpreted deeds granting a strip of land for a railroad right-of-way as conveying an easement, even in the face of traditional factors signifying a fee. Thus, if the words "right-of-way" appear in the granting clause, the interest conveyed is an easement, even if the deed is in the statutory warranty form, uses the words "fee simple," contains covenants of warranty, a habendum clause[1] conveying the land "forever," and other indicia of a fee simple. *Reichenbach v. Wash. Short Line Ry.*, 10 Wash. 357, 358, 38

---

[1] "To have and to hold," with language expressing a grant in perpetuity.

P. 1126 (1894); *Morsbach*, 152 Wash. at 564-65; *Swan*, 37 Wn.2d at 534; *Veach*, 92 Wn.2d at 573-74; *Zobrist v. Culp*, 95 Wn.2d 556, 627 P.2d 1308 (1981) (citing cases from other jurisdictions); *Burlington N.*, 105 Wn.2d 567; *Lawson*, 107 Wn.2d 444; *see also Harris*, 120 Wn.2d 727; *Squire Inv.*, 59 Wn. App. 888.

*Morsbach* is the principal Washington case for this general rule.[2] After reviewing cases from other jurisdictions, *Morsbach* adopts the majority view that, unless a different intent is unambiguously specified, the grant of a right-of-way to a railroad conveys an easement. This is so even in the face of contrary language in a habendum clause, and warranting covenants. *Morsbach*, 152 Wash. at 574-75.

The *Swan* court leaves no doubt that *Morsbach* clearly adopted the rule that "when the granting clause of a deed declares the purpose of the grant to be a right of way for a railroad the deed passes an easement only, and not a fee with a restricted use, even though the deed is in the usual form to convey a fee title." *Swan*, 37 Wn.2d at 537.

The County contends that *Brown* stands for the proposition that an easement will be found only if the magic words "railroad right-of-way" appear in the granting clause. But *Brown* is not so limited. *Brown* holds that a statutory warranty deed purporting to convey a fee simple will, nonetheless, be interpreted as conveying an easement if the words "right-of-way" appear in the granting clause. *Brown*, 130 Wn.2d at 438.

*Brown* holds that it is not sufficient that the *implied* purpose of a deed is for railroad purposes because the grantee is a railroad company. *Id.* at 440. If the deed contains no language either limiting the estate or relating to the purpose of the grant and if the grant conveys a definite strip of land, the deed will be construed to convey the fee. *Id.* at 439-40.

---

[2] *See, e.g.*, 2 GEORGE W. THOMPSON, COMMENTARIES ON THE MODERN LAW OF REAL PROPERTY § 381, at 505 n.13 (John S. Grimes ed. 1980).

But if the term "right-of-way" is used, either (a) as a limitation on the estate granted or (b) to specify the purpose of the grant, the grant generally conveys an easement. *Id.* at 439. In interpreting a deed with no express limiting language, the deed is scrutinized to determine the nature of the interest the grantor intended to convey, not the reason for the conveyance. *Id.* at 440.

The deeds dissected by the *Brown* court were in the statutory warranty form, contained no reference to a "right-of-way," no recitation of the purpose of the grant, and expressly conveyed a "fee simple" in the granting language. *Id.* at 434-35. The deeds were, therefore, subject to the strong presumption that the grantors' intent was to convey a fee interest. *Id.* at 437 n.5. The burden was, then, on the party asserting an easement to overcome this presumption. The court collects from earlier cases seven factors from which the intent to convey an easement, rather than a fee, might be inferred from such a grant. *Id.* at 438 (citing *Swan*, 37 Wn.2d at 535-36). The majority of the court ultimately concluded that the deeds conveyed a fee simple interest.

But here, the presumption of a fee interest does not arise. The Hanson Industries grantors *did not* use statutory-form warranty or bargain and sale deeds. And, even if they had, it is evident from the face of the deeds that the strips of land were sold by the grantors and purchased by the grantee for the sole purpose of a railroad right-of-way. The deeds are captioned "Right of Way Deed." Clerk's Papers (CP) at 16, 21, 27. They convey strips of land for the purpose of a railroad "over and across" the grantors' lands. CP at 16, 21, 27. The grants are conditioned in the granting clause on the construction and operation of a railroad thereon within two years. They impose covenants on the railroad. And they release the grantee from liability arising out of its use of the land.

The manifest intended use, "being within the contemplation of the parties, is to be considered as an element in the contract, and limits the interest which the railroad ac-

quired. It took the strip for a specific purpose, and could hold it so long as it was devoted to that purpose." *Abercrombie*, 81 P. at 211, *cited in Morsbach*, 152 Wash. at 568-69. The words "right-of-way" on the face of the deeds imply legally an easement only, absent other words giving them another meaning. The term "right-of-way" may denote the physical strip of land over which the right of passage exists. But, in a grant to a railroad, absent unrebutted contrary presumptions or manifest contrary intent, it must be construed to mean an easement only. *Uhl v. Ohio River R.R.*, 51 W. Va. 106, 41 S.E. 340, 342 (1902), *cited in Morsbach*, 152 Wash. at 571.

We turn now to the specifics of the deeds at issue here.

*Ambiguity Resolved Against Railroad.* First, the three deeds at issue here are virtually indistinguishable and were clearly prepared by the railroad, not by the grantors. The wording is identical, except for the details of monetary consideration and property descriptions. The three deeds all contain, for instance, the malapropism "revision and revisions" instead of "reversion and reversions." CP at 16, 22, 28.

■ Ambiguity in a deed is resolved against the grantor. *Harris v. Ski Park Farms, Inc.*, 120 Wn.2d 727, 745, 844 P.2d 1006 (1993). But, the grantor also generally drafts the deed. Here, that did not happen. And an ambiguous agreement is construed against the drafter. *Rouse v. Glascam Builders, Inc.*, 101 Wn.2d 127, 135, 677 P.2d 125 (1984); *Guy Stickney, Inc. v. Underwood*, 67 Wn.2d 824, 827, 410 P.2d 7 (1966). The landowner no doubt relied on the expertise of the railroad.

■ *Form of the Deed.* A fee simple title is conclusively presumed if the parties (a) use a statutory form deed, either warranty or bargain and sale, (b) to convey definite strips of land, (c) with no language in the granting clause limiting the interest conveyed. *Brown v. State*, 130 Wn.2d 430, 437, 924 P.2d 908 (1996); *K&E Moving & Storage Co.*, 102 Wn. App. at 54 nn.8-9. Here, the parties did not use a statutory form deed.

*Granting Clause.* If the granting clause purports to convey a strip of land absolutely—i.e., without reference to the purpose of the conveyance or the use to which the land is to be put or any other limitation on the estate conveyed—it passes an estate in fee. A.E. Korpela, Annotation, *Deed to Railroad Company as Conveying Fee or Easement*, 6 A.L.R.3d 973, at 979 (1966), and cases cited. The description is part of the granting clause. *Veach v. Culp*, 92 Wn.2d 570, 573-74, 599 P.2d 526 (1979) (citing *Morsbach v. Thurston County*, 152 Wash. 562, 278 P. 686 (1929)).

The interests granted here are not absolute. They are conditioned on the construction and operation of a railroad within two years. This condition is incorporated into the granting clause as the consideration for the grant.

*Habendum Clause.* The inclusion in a habendum clause of language purporting to convey the land "to have and to hold forever" generally suggests conveyance of a fee. *See, e.g., Brown*, 130 Wn.2d at 438; *Veach*, 92 Wn.2d at 573-74. But in railroad right-of-way deeds, the habendum language is not dispositive. "The language of the habendum clause is but one element in examining the whole of the deed." *Veach*, 92 Wn.2d at 574. Habendum clauses usually contain language to the effect that the grant is to the grantee, his successors and assigns "forever in fee simple." In railroad right-of-way deeds, this does not override language in the granting clause indicating the intent to convey an easement only. Korpela, *supra*, at 977. Again, this is in accord with the general rule that the habendum clause must yield to the granting clause if the two are in conflict. *Id.* at 986.

The habendum clause here reads: "To Have and To Hold all and singular the said premises, together with the appurtenances unto the said [railroad company] and to its successors and assigns forever." CP at 17, 22, 28. But this is the same language found in the *Morsbach* deeds and, there, the court concluded that the grantor's intent was to convey an easement. *Morsbach*, 152 Wash. at 567. The inclusion of a habendum clause does not defeat the intent to convey an easement.

*Reverter Clause.* These deeds contain no reverter clause granting possession only "so long as the land is used as a railroad." A railroad right-of-way deed need not, however, contain a reverter clause to effect an automatic reversion to the grantor upon abandonment. *See, e.g., Veach,* 92 Wn.2d at 572-73; *Lawson v. State,* 107 Wn.2d 444, 452, 730 P.2d 1308 (1986); *see also Morsbach,* 152 Wash. at 567. The railroad right-of-way expires automatically upon abandonment. *Lawson,* 107 Wn.2d at 452, adopting the reasoning of *Schnabel v. County of Du Page,* 101 Ill. App. 3d 553, 559, 428 N.E.2d 671, 676, 57 Ill. Dec. 121 (1981).

As in *Veach,* the Hanson Industries deeds contain no language conditioning the grant on the continued operation of the railroad. *Veach,* 92 Wn.2d at 572-73. In *Veach,* the successor railroad argued that the absence of such limiting language showed a fee was conveyed. But the court disagreed. It held that language in the deed granting a right-of-way indicated an easement had been conveyed. Division One of this court applied *Veach* and held that an easement was conveyed in *Squire Investment Co.*[3]

*Crossings.* The deeds at issue here all impose obligations on the railroad to construct and maintain farm crossings.

The court in *Brown* suggests in dictum that the grantee's obligation to construct farm crossings suggests a fee because the grantor of a mere easement would retain the right to cross without such language. *Brown,* 130 Wn.2d at 442 n.9. But this is not true of a railroad right-of-way, which, unlike a mere easement, carries the presumption of exclusive possession. Thus, the grantor would be precluded from entering unless the deed clearly reserved to the grantor the right to cross.

The grantor's *right* to cross is, moreover, arguably distinguishable from the grantee's *obligation* to construct a crossing. Imposition of restrictions by the grantor upon the grantee's use of the land is ordinarily deemed "repugnant"

---

[3] *King County v. Squire Inv. Co.,* 59 Wn. App. 888, 894, 801 P.2d 1022 (1990).

to the grant in fee. *Nelson v. John*, 43 Wash. 483, 488, 86 P. 933 (1906).

*Lack of Specificity of Description.* In *King County v. Rasmussen*, a deed granting a "strip" of land described in metes and bounds rather than merely a right-of-way "over" the land was held to convey a fee. *King County v. Rasmussen*, 299 F.3d 1077, 1087 (9th Cir. 2002) (applying Washington law). The descriptions here are not in metes and bounds. They each simply convey strips 60 to 100 feet wide on each side of a railroad track denoted by the railroad's surveyor's stakes.

*Use of the Words "Over and Across."* Traditionally, use of the words "over and across" are used to describe an easement. *Tallman v. E. Ill. & Peoria R.R.*, 379 Ill. 441, 41 N.E.2d 537, 542 (1942). *Brown* holds, however, that it is equally possible the parties used "over and across" simply to locate the right-of-way, not to denote the nature of the interest conveyed. *Brown*, 130 Wn.2d at 442.

*Amount of Consideration.* Whether the consideration is substantial or nominal is also a factor to be considered. *Swan v. O'Leary*, 37 Wn.2d 533, 535-36, 225 P.2d 199 (1950); *Brown*, 130 Wn.2d at 438. But the consideration actually paid may or may not be the amount stated in the deed. By itself, therefore, consideration is unreliable as a guide. *Brown*, 130 Wn.2d at 442. In *Tallman*, consideration of $800 in a 1912 deed did not overcome the presumption of an easement created by the language "over and across" in the granting clause and a provision that, if the railroad exercised its right-of-way before the corn crop was harvested, it would pay. *Tallman*, 41 N.E.2d at 539. Here, the monetary consideration was nominal. The primary consideration was the promise to build the railroad. This is another factor militating in favor of the grant of an easement.

*Liability Release.* A provision releasing the railroad from liability for damage caused by the construction of the railroad is again inconsistent with an intent to convey a fee simple interest. *Rock Island A.&L. R.R. v. Gournay*, 205

La. 125, 17 So. 2d 8 (1943); Korpela, *supra*, at 987. And the Hanson Industries deeds contain a damages release provision.

*Subsequent Conduct of the Parties.* Since we are ultimately trying to derive the grantors' intent, their subsequent conduct is also a consideration. The intent of the grantor may be determined from the circumstances surrounding the execution of the deed and the subsequent conduct of the parties with relation to it. *Scott v. Wallitner*, 49 Wn.2d 161, 162, 299 P.2d 204 (1956) (citing *Morsbach*, 152 Wash. 562); *Swan*, 37 Wn.2d at 535; *Roeder Co. v. Burlington N., Inc.*, 105 Wn.2d 567, 576, 716 P.2d 855 (1986); *Harris*, 120 Wn.2d at 742-43; *Brown*, 130 Wn.2d at 438.

But the parties of interest in this inquiry are the parties to the original deed, not the parties to the present action. *See, e.g., Neal v. Green*, 71 Wn.2d 40, 43, 426 P.2d 485 (1967). Both parties to this appeal argue their own subsequent conduct to support their interpretation of the original deed. But the conduct of the successors-in-interest of the original parties is of no help in trying to figure out the intent of the original grantors.

The conduct of these parties is of no help to the County, in any event. Burlington Northern quitclaimed its interest in property for $5,000, a fraction of the $278,692 the County subsequently realized in its deal with Metropolitan Mortgage. This factor is consistent with Burlington Northern's belief that its interest was reversionary.

*Public Policy Considerations.* Finally, given the status of the law on this question, we believe it appropriate to consider the policy underlying this land use. Most states hold that public policy does not favor the conveyance of strips of land by fee simple title. *See, e.g., Ross, Inc. v. Legler*, 245 Ind. 655, 199 N.E.2d 346 (1964). The conveyance of a strip too narrow to be used for anything but a railway line is construed as transferring an easement, regardless of the language used. *See, e.g., Abercrombie v. Simmons*, 71 Kan. 538, 81 P. 208 (1905); *State ex rel. State*

*Highway Comm'n v. Griffith*, 342 Mo. 229, 114 S.W.2d 976 (1937); Korpela, *supra*, at 985, 998-99. *Abercrombie* is cited in the pertinent analysis in *Morsbach*, 152 Wash. at 568. State legislatures, including Washington's, gave railroads the power of eminent domain during the period of railroad expansion. But the resulting condemnations were deemed to extend only to the minimum estate necessary to accomplish the purpose. And an easement was generally sufficient. So most courts did not support attempts to obtain any greater interest or estate. *Neitzel v. Spokane Int'l Ry.*, 65 Wash. 100, 105, 117 P. 864 (1911).

The modern recognition of the immense public benefit to be derived from converting abandoned railroads into perpetual public utilities does not outweigh the constitutional considerations inherent in the prohibition against seizing property without just compensation. *See Lawson*, 107 Wn.2d at 461.

## CONCLUSION

■ Looking at the deeds as a whole, we conclude that the intent of the grantors here was to convey a right-of-way for a railroad. The primary consideration for the grants was the promise to construct and operate a railroad within two years. The grantee's sole purpose was to run trains across the grantors' property. The grantors' sole purpose was to facilitate this. The holding of *Brown* does not require a different result. *Brown v. State*, 130 Wn.2d 430, 924 P.2d 908 (1996). The deeds conveyed easements which automatically reverted to Hanson Industries as successor-in-interest to the grantors when Burlington Northern abandoned the line. Burlington Northern had no interest to convey.

We therefore reverse the order granting summary judgment in favor of the County and remand for entry of an order in favor of Hanson Industries.

KATO, A.C.J., and KURTZ, J., concur.

Review denied at 149 Wn.2d 1028 (2003).