The CHEVY CHASE LAND COMPANY
OF MONTGOMERY COUNTY, MA-
RYLAND, Plaintiff–Appellant,

and

Columbia Country Club,
Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee,

and

Montgomery County, Defendant–Appellee.

Nos. 97–5079, 97–5083.

United States Court of Appeals,
Federal Circuit.

Aug. 18, 1998.

William J. Utermohlen, Oliff & Berridge, PLC, Alexandria, Virginia, for plaintiff-appellant The Chevy Chase Land Company of Montgomery County, Maryland. Of counsel was Maurice J. Montaldi, Holland & Knight, Washington, DC.

Whayne S. Quin, Wilkes, Artis, Hedrick & Lane, Chartered, Washington, DC, for plaintiff-appellant Columbia Country Club. With him on the brief were John D. Lane and Paul J. Kiernan.

Sean H. Donahue, Attorney, Environment and Natural Resources Division, Department of Justice, Washington, DC, for defendant-appellee United States. With him on the brief were Lois J. Schiffer, Assistant Attorney General, John A. Bryson and Andrew M. Eschen, Attorneys. Of counsel on the brief was Henri F. Rush, General Counsel, Surface Transportation Board, Washington, DC. Of counsel were Edward J. Shawaker, Attorney, Appellate Section, Environment and Natural Resources Division, Department of Justice,

and Evelyn G. Kitay, Attorney, Surface Transportation Board.

Diane R. Schwartz–Jones, Associate County Attorney, Office of the County Attorney, Rockville, Maryland, for defendant-appellee Montgomery County. With her on the brief were Charles W. Thompson, Jr., County Attorney, and Marc P. Hansen, Chief, Division of General Counsel.

Before MAYER, Chief Judge, NEWMAN, and CLEVENGER, Circuit Judges.

PER CURIAM.

### CERTIFICATION ORDER

This case presents the question of whether an uncompensated taking of property in violation of the Fifth Amendment to the United States Constitution has occurred. The answer to that question depends upon complicated issues of Maryland property law upon which this court discerns an absence of applicable and dispositive Maryland law. The State of Maryland has a procedure pursuant to which this court may certify unsettled questions of state law to the Court of Appeals of Maryland. See Md.Code Ann., Cts. & Jud. Proc. §§ 12–601 to –606 (1997).

Following oral argument in this case on June 3, 1998, this court decided to certify three questions of law to the Court of Appeals of Maryland. The three questions of law pertain to a deed dated March 22, 1911, from Chevy Chase Land Company, as party of the first part, to Metropolitan Southern Railroad Company, as party of the second part, which conveyed an interest in land, the metes and bounds of which are described in the deed.

The questions of law this court hereby certifies to the Court of Appeals of Maryland are:

1. Under Maryland law, did the above-mentioned 1911 deed convey fee simple absolute interest to the party of the second part, or, instead, did the deed convey an easement to the party of the second part?

2. If the 1911 deed conveyed an easement to the party of the second part, as a

matter of law is the easement so conveyed subject to any limitations?

3. If the deed conveyed an easement to the party of the second part, has that easement, as a matter of law, been abandoned at any time since its conveyance, and if so, when?

The parties to this case have agreed to a Joint Statement of Facts pertinent to the three certified questions. A copy of the Joint Statement of Facts is attached hereto.* Nineteen Exhibits are appended to the Joint Statement of Facts. In addition, the Joint Statement of Facts refers throughout to documents contained in the Joint Appendix to the case filed in this court. A copy of the Joint Appendix is therefore also attached hereto.

Section 606 of Title 12 of the Annotated Code of Maryland specifies the required contents of a certification order. In addition to the questions certified and the facts relevant to the question or questions, set forth above, this court hereby acknowledges that the Court of Appeals of Maryland, as the receiving court, may reformulate the questions certified by this court. *See* Md.Code Ann., Cts. & Jud. Proc. § 12–604 (1997).

The names and addresses of the counsel of record to the parties in the case are set forth on page eighteen of the Joint Statement of Facts attached hereto. To the best of this court's knowledge, there are no parties appearing in this case without counsel.

The three questions set forth above are hereby certified to the Court of Appeals of Maryland.

So ordered.

---

\* Editor Note: The Joint Statement of Facts and the Joint Appendix were not submitted for publication.