Clifford F. SCHROEDER, et al., Plaintiffs,

Gerald Ray, et al., Plaintiffs,

Henry D. Klein, et al., Plaintiffs,

Clarence A. Peterson, et al., Plaintiffs,

Raymond Spencer, et al., Plaintiffs,

Douglas Edlund, Plaintiff,

Robert Nelson, Plaintiff,

Paul Manning, et al., Plaintiff,

Phyllis Lane, Plaintiff,

D. Mike Collins, et al., Plaintiffs,

Robert M. Rundle, et al., Plaintiffs,

v.

UNITED STATES, Defendant.

Nos. 04–1456, 04–1457, 04–1458, 04–1459, 04–1463, 04–1464, 04–1465, 04–1466, 04–1468, 04–1472, 04–1476.

United States Court of Federal Claims.

June 23, 2005.

John Maurice Groen, Groen, Stephens & Klinge, LLP, Bellevue, WA, for plaintiffs.

## ORDER

HORN, Judge.

At issue is plaintiffs' motion for certification by the United States Court of Federal Claims of a question of state law to the Supreme Court of Washington pursuant to the Revised Code of Washington Chapter 2.60 (Federal Court Local Law Certificate Procedure Act) (2005) and the Washington Rules of Appellate Procedure, Rule 16.16 (2005). The defendant, United States, opposes the request for certification. Each of the above plaintiffs is a fee simple owner of real property in King County, Washington. When the plaintiffs purchased their property, their respective titles were encumbered by railroad rights-of-way which traverse over their properties.

The context of the plaintiffs' motion arises from deeds, granted in 1887, whereby homesteaders along the eastern shore of Lake Sammamish granted the Seattle Lake Shore and Eastern Railway Company (the Seattle Railway Company) a right-of-way through their property. The plaintiffs allege, and this court's independent review affirms, that the relevant portions of the right-of-way deeds for each of the plaintiffs contain identical language. Specifically, the granting clause of each deed reads in pertinent part:

> In consideration of the benefits and advantages to accrue to us from the location, construction and operation of the Seattle, Lake Shore and Eastern Railway, in the County of King, in Washington Territory, we do hereby donate, grant and convey unto said Seattle, Lake Shore and Eastern Railway Company a right of way one hundred (100) feet in width through our lands in said County . . . .

The clause describing the location of the right-of-way states:

> Such right of way strip to be fifty (50) feet in width on each side of the center line of the railway track as located across our said lands . . .

The issue in the above-captioned cases, filed in the United States Court of Federal Claims, is whether when the United States issued a Notice of Interim Trail Use (NITU) and authorized recreational trail use of the rights-of-way running through the plaintiffs' lands, the United States imposed a burden on their property, denying them the use of their property, resulting in a taking for which the plaintiffs should be allowed to seek just compensation under the Fifth Amendment to the United States Constitution. To reach a decision, this court must address the question of whether the initial land transfers to the Seattle Railway Company under the above-quoted deeds gave the railway company the rights-of-way as easements or in fee simple absolute. For the reasons discussed below, this court believes it is appropriate to forward the plaintiffs' request for certification to the Supreme Court of Washington in order to allow that court to provide further and precise direction with respect to lands within its state. Despite the existence of some relevant, previously issued decisions, this court is of the opinion that it is necessary to ascertain the local law of the State of

Washington in order to dispose of the proceeding in the United States Court of Federal Claims and the local law has not been clearly determined. *See* Wash. Rev.Code § 2.60.020. Mindful that certification saves "time, energy, and resources and help[s] build a cooperative judicial federalism," *Arizonans for Official English v. Arizona,* 520 U.S. 43, 76, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (quoting *Lehman Bros. v. Schein,* 416 U.S. 386, 391, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974)), this court certifies to the Supreme Court of Washington that a question of Washington state law is involved in this case as to which this court requests further guidance from the Supreme Court of Washington.

 Pursuant to section 2.60.020 of the Revised Code of Washington, this court, therefore, respectfully requests the Supreme Court of Washington to answer the following questions:

1. When the granting clause of a deed expressly conveys a "right-of-way" to a railroad, does Washington state law hold that the property interest conveyed to the railroad is an easement as distinguishable from a fee simple?

2. Under Washington state law, did the above-quoted language of the 1887 deeds convey fee simple absolute interest in the Seattle Railway Company, or, instead, did the deeds convey an easement?

This court does not intend by its phrasing of the questions to restrict the Supreme Court of Washington's consideration of this request. This court also acknowledges that the Supreme Court of Washington may, at its discretion, reformulate the questions.

## DISCUSSION

More than half a century ago, the Supreme Court of Washington acknowledged that the court decisions on whether private railroad right-of-way deeds create fees or easements "are in hopeless conflict." *Swan v. O'Leary,* 37 Wash.2d 533, 535, 225 P.2d 199, 200

(1950). The *Swan* court found that no fee was granted to the railroad, and that "when the rights of way were abandoned they reverted to the successors of the original owners of the lands over which they were granted." *Id.* at 537, 225 P.2d 199. The Supreme Court of Washington more recently addressed this issue, *en banc,* in *Brown v. Washington,* 130 Wash.2d 430, 924 P.2d 908, *recons. denied* (1996).[1]

In *Brown,* the court again acknowledged that many courts have addressed the fee versus easement issue and that the decisions were still in "considerable disarray and usually turn on a case-by-case examination of each deed." *Id.* at 437, 924 P.2d 908. The court recognized, however, that the court gives "special significance to the words 'right of way' in railroad deeds." *Id.* at 438, 924 P.2d 908. Specifically, in *Brown,* the Supreme Court of Washington cited to the rule articulated in *Roeder Co. v. Burlington Northern, Inc.,* 105 Wash.2d 567, 572, 716 P.2d 855, 859, *recons. denied* (1986), in which the court stated "when the granting clause of a deed declares the purpose of the grant to be a right of way for a railroad the deed passes an easement only, and not a fee with a restricted use, even though the deed is in the usual form to convey a fee title." *Brown v. Washington,* 130 Wash.2d at 439, 924 P.2d 908.

In *Brown,* the court also cited a string of other cases that interpreted deeds containing the term "right-of-way" in their granting clause as granting only easements. Among the cases cited by the Supreme Court of Washington were *Veach v. Culp,* 92 Wash.2d 570, 572, 599 P.2d 526, 527 (1979) (deed granted "[a] right-of-way one hundred feet wide . . . ."); *Swan v. O'Leary,* 37 Wash.2d at 534, 225 P.2d 199 (deed granted property "for the purpose of a Railroad right-of-way . . . ."); *Morsbach v. Thurston County,* 152 Wash. 562, 564, 278 P. 686, 687 (1929) (deed granted "the right of way for the construction of said company's railroad in and over

1. In *Beres v. United States,* 64 Fed.Cl. 403 (2005), the undersigned judge of the United States Court of Federal Claims held that the United States retained no reversionary interest in a portion of land formerly owned by the government when the statute granting a right-of-way over that land to a railroad company, as well as the subsequent deed of that same land to a private individual in fee simple, contained no language which retained a reversionary interest in that land to the United States.

...."); *Pacific Iron Works v. Bryant Lumber & Shingle Mill Co.*, 60 Wash. 502, 505, 111 P. 578, 579 (1910) (holding that a deed providing "to have and to hold the said premises ... for railway purposes, but if it should cease to be used for a railway the said premises shall revert to said grantors," grants an easement); *Reichenbach v. Wash. Short Line Ry. Co.*, 10 Wash. 357, 358, 38 P. 1126, 1126 (1894) (construing the language "so long as the same shall be used for the operation of a railroad" as granting an easement); *King County v. Squire Inv. Co.*, 59 Wash.App. 888, 890, 801 P.2d 1022, 1023 (1990) (holding that the language "grant and convey ... a right-of-way .... To Have and to Hold ... so long as said land is used as a right-of-way ..." grants an easement), *review denied*, 116 Wash.2d 1021, 811 P.2d 219 (1991).

In *Brown*, the Supreme Court of Washington held that the above cases were "consistent with the majority of cases that hold the use of the term 'right of way' as a limitation or to specify the purpose of the grant generally creates only an easement." *Brown v. Washington*, 130 Wash.2d at 439, 924 P.2d 908. As an example of the prior decisions, in *Morsbach*, the Supreme Court of Washington quoted from *Thompson on Real Property*, as follows: " 'it is elementary that, in cases where the granting clause of a deed declares the purpose of a grant to be a right of way for a railroad, the deed passes an easement only, not a fee, though it be in the usual form of a full warranty deed.' " *Morsbach v. Thurston County*, 152 Wash. at 565, 278 P. 686 (quoting 1 *Thompson on Real Property*, § 421). Additionally, in *Swan v. O'Leary*, 37 Wash.2d at 537, 225 P.2d 199, the court stated "it is clear that we adopted the rule that when the granting clause of a deed declares the purpose of the grant to be a right of way for a railroad the deed passes an easement only, and not a fee with a restricted use, even though the deed is in the usual form to convey a fee title."

The Supreme Court of Washington's treatment of the term "right-of-way" also is supported by its holding in *Veach v. Culp*, 92 Wash.2d at 574, 599 P.2d 526. In *Veach*, the Supreme Court of Washington found that a 1901 right-of-way deed conveyed an ease-ment. *Id.* In reviewing the deed at issue, the *Veach* court gave considerable weight to the term "right-of-way" in the granting clause of the deed. In its analysis, the *Veach* court quoted large portions of the deed, and upon review, many of the terms of the deed appear to convey a fee simple interest. For example, like the deeds in the cases currently before the United States Court of Federal Claims, the *Veach* deed contained no specific reverter clause. Also like the deeds in the above-captioned cases, the *Veach* deed granted the right-of-way to the railroad "forever," specifically stating: "To have and to hold, all and singular, said premises, together with the appurtenances unto the said party of the second part, and to its assigns forever." *Id.* at 573, 599 P.2d 526. The *Veach* deed further stated that the parties "remise, release and forever quit claim unto said party of the second part, and to its assigns, all that certain lot, piece, or parcel of land situate in Whatcom County ...." *Id.* at 572, 599 P.2d 526.

Although the *Veach* deed read in some aspects as if it conveyed a fee simple interest, the *Veach* court found the term "right-of-way" in the granting clause of the deed to be dispositive. Specifically, the *Veach* court relied upon the precedent set forth in *Swan* and *Morsbach* and stated that: "Given the language of the deed explicitly describing the conveyance of a right-of-way and given the rule of *Swan v. O'Leary, supra*, and *Morsbach v. Thurston County, supra*, we conclude the deed conveyed an easement, not a fee title." *Id.* at 574, 278 P. 686.

The Supreme Court of Washington, therefore, has accorded special significance when, as in the deeds of the above-captioned plaintiffs, the granting clause of a deed uses the term "right-of-way" when granting an interest to a railroad company. In such a case, the Supreme Court of Washington has found the deeds to convey only an easement and not a fee simple interest. As articulated in *Swan, Morsbach* and *Veach*, in the case of a railroad right-of-way, the Washington courts have placed such great significance on the mere presence of the term "right-of-way," that even if a deed is in the usual form to convey a fee interest, only an easement is

passed if the term right-of-way is used. *See Swan v. O'Leary*, 37 Wash.2d at 537, 225 P.2d 199.

Although attributing significance to the term "right-of-way," the Supreme Court of Washington stated in *Brown* that deed interpretation must be based on the intent of the parties and cannot rest merely on the presence of the term "right-of-way" in a granting clause. The *Brown* court also wrote that to point out that the deeds "describe the property as right of way simply begs the question of what interest [the railroad] acquired, because a railroad can own rights of way in fee simple if that is what the deed conveys." *Brown v. Washington*, 130 Wash.2d at 442, 924 P.2d 908. The *Brown* court also stated: "The words 'right of way' can have two purposes: (1) to qualify or limit the interest granted in a deed to the right to pass over a tract of land (an easement), or (2) to describe the strip of land being conveyed to a railroad for the purpose of constructing a railway." *Id.* at 441, 924 P.2d 908 (citing *Morsbach v. Thurston County*, 152 Wash. at 568, 278 P. 686; *Harris v. Ski Park Farms, Inc.*, 120 Wash.2d 727, 737, 844 P.2d 1006, 1011 (1993)). According to the *Brown* court, therefore, "a deed-by-deed analysis [is required] to ascertain whether the parties clearly and expressly limited or qualified the interest granted, considering the express language, the form of the instrument, and the surrounding circumstances." *Brown v. Washington*, 130 Wash.2d at 440, 924 P.2d 908.

In *Brown*, the Supreme Court of Washington set forth a seven part test the court "relied on" to examine "the circumstances surrounding the deed's execution and subsequent conduct of the parties," *id.* at 438, 924 P.2d 908, in order to determine whether a deed conveys either an easement or a fee simple interest. The seven factors are:

(1) whether the deed conveyed a strip of land, and did not contain additional language relating to the use or purpose to which the land was to be put, or in other ways limiting the estate conveyed; (2) whether the deed conveyed a strip of land and limited its use to a specific purpose; (3) whether the deed conveyed a right of way over a tract of land, rather than a strip thereof; (4) whether the deed granted only the privilege of constructing, operating, or maintaining a railroad over the land; (5) whether the deed contained a clause providing that if the railroad ceased to operate, the land conveyed would revert to the grantor; (6) whether the consideration expressed was substantial or nominal; and (7) whether the conveyance did or did not contain a habendum clause, and *many other considerations* suggested by the language of the particular deed.

*Brown v. Washington*, 130 Wash.2d at 438, 924 P.2d 908 (citing *Swan v. O'Leary*, 37 Wash.2d at 535–36, 225 P.2d 199) (emphasis added). After applying the seven part test, the *Brown* court concluded with respect to the parcels at issue in *Brown* that, "[i]n the absence of language in the deeds expressly and clearly limiting the estate conveyed, the deeds fall squarely within the rule that where there is no language in a deed relating to the purpose of the grant or limiting the estate conveyed, and it conveys a definite strip of land, it will be construed to convey a fee simple title." *Id.* at 443, 924 P.2d 908 (citing *Swan v. O'Leary*, 37 Wash.2d at 536, 225 P.2d 199). The court, however, did not discuss whether each factor would have to be considered in future lower court cases, or whether different weight should be accorded to different factors of the test. Moreover, the court did not give examples of what it considered to be the relevant "many other considerations" included in factor seven above.

Applying the seven part test set forth in *Brown*, in a quiet title action, the Court of Appeals of Washington, Division I, interpreted a deed in *Ray v. King County* as granting a fee interest and not an easement, although the granting clause of the deed contained the term "right of way." *See Ray v. King County*, 120 Wash.App. 564, 568, 86 P.3d 183, 184, *review denied*, 152 Wash.2d 1027, 101 P.3d 421 (2004). In *Ray*, the Court of Appeals of Washington, Division I affirmed a summary judgment decision appealed from the Superior Court of King County, Washington, which quieted title in King County, a successor in interest to the Seattle Railway Company's

right-of-way. *See id.* at 568, 86 P.3d 183. The plaintiffs in *Ray v. King County* in the Washington state courts were the same plaintiffs as in one of the above-captioned cases, Gerald and Kathryn Ray, and the deed at issue in *Ray v. King County* is one of the deeds with the same relevant language as is at issue in the cases before the United States Court of Federal Claims.[2] In their quiet title action, the Rays argued that the deed given to the Seattle Railway Company in 1887 by their predecessors in interest, Bill and Mary Hilchkanum (the Hilchkanum deed), conveyed only an easement and not a fee interest.

In resolving the dispute in *Ray v. King County*, the Court of Appeals of Washington, Division I, found particularly persuasive the language of the Hilchkanum deed, which conveyed a "right of way strip," which suggested to the *Ray* court that the deed was "conveying ... a fee, not a mere easement," since there was no specific purpose indicated for the grant. *Ray v. King County*, 120 Wash. App. at 576–77, 86 P.3d 183. The court noted that the language of the Hilchkanum deed granted a right-of-way "without expressly *restricting* how that right of way was to be used." *Id.* at 578, 86 P.3d 183 (emphasis in original). Additionally, the court recognized that nothing in the conveying language limited the grant to the "privilege of constructing, operating, or maintaining a railroad" as required by the fourth factor in *Brown.* *Id.* at 578–79, 86 P.3d 183. After analyzing the Hilchkanum's deed in accordance with the seven factors set forth in *Brown*, as well as the "other considerations," the *Brown* factors also direct courts to consider, two judges of the Washington Court of Appeals panel concluded that the language of

the deed at issue is "most consistent with the grant of a fee title, not an easement." *Id.* at 579, 86 P.3d 183. A third judge, however, submitted a dissenting opinion and concluded that only an easement was conveyed to the railroad. *Id.* at 602, 86 P.3d 183. Although both opinions analyzed the *Brown* factors, due to the nature of those factors and the issues under consideration, a number of subjective, deductive and discretionary judgments were involved when applying the *Brown* guidelines to the Hilchkanum deed by both the majority and dissenting judges.

The plaintiffs argue that the court's conclusion in *Ray* conflicts with the Supreme Court of Washington's decision in *Pacific Iron Works v. Bryant Lumber & Shingle Mill Co.*, 60 Wash. at 502, 111 P. 578. Specifically, the plaintiffs argue that in *Pacific Iron Works*, the Supreme Court of Washington reviewed a deed with a granting clause identical to the one in the deeds at issue in the cases currently before the Court of Federal Claims, and found that the deed granted only an easement. *Id.* at 506, 111 P. 578. The deed at issue in *Pacific Iron Works* was granted by Thomas Burke and his wife to the Seattle Railway Company on September 6, 1887. *Id.* at 505, 111 P. 578. Although the full deed is not quoted in *Pacific Iron Works*, the above-captioned plaintiffs provided the court with an illegible copy of what they claim to be the Burke deed and claim that the same deed was at issue and partially quoted in *Northlake Marine Works, Inc. v. City of Seattle*, 70 Wash.App. 491, 494, 857 P.2d 283, 286–87 (1993). In *Pacific Iron Works*, the Supreme Court of Washington stated that when the Burke deed was "construed as a whole and in the light of the purpose for which the grant was made, it is a grant of a right of way or

**2.** The defendant opposes the plaintiffs' motion for certification in the *Ray* case on the basis of collateral estoppel, or issue preclusion, arguing that the Court of Appeals of Washington has already addressed the issue of whether the Ray's deed provided a fee simple or an easement to the railway company in *Ray v. King County*, 120 Wash.App. at 564, 86 P.3d 183, and the Supreme Court of Washington has declined to review the lower state court's decision regarding the deed held by Gerald and Kathryn Ray. *See Ray v. King County*, 152 Wash.2d at 1027, 101 P.3d 421 (denying review). However, in the present cases, there are eighty six other plaintiffs, none of

whom were parties to or represented in *Ray v. King County*. *See Banner v. United States*, 238 F.3d 1348, 1354 (Fed.Cir.2001) ("The doctrine of collateral estoppel, or issue preclusion, serves to bar the revisiting of issues that have already been litigated by the same parties or their privies based on the same cause of action.") (citing *Jet. Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1365–66 (Fed.Cir.2000)). Therefore, even if the Ray plaintiffs were to be dropped from the current motion for certification, the issue remains for the other eighty-six plaintiffs in the above cases.

easement and nothing more." *Pacific Iron Works v. Bryant Lumber & Shingle Mill Co.,* 60 Wash. at 506, 111 P. 578.

The United States distinguishes *Pacific Iron Works* and the Burke deed from the deeds at issue in the cases before the United States Court of Federal Claims by the presence of a reverter clause in the Burke deed which stated that if the right-of-way "should cease to be used for a railway the said premises shall revert to said grantors . . . ." *Id.* at 505, 111 P. 578. The defendant argues that it was the reverter language that swayed the court to find that the Burke deed conveyed an easement rather than a fee interest. Although the Supreme Court of Washington quoted the reverter clause of the Burke deed, it reviewed the deed as a whole and in light of the purpose for which the grant was made, and clearly stated that: "The grant of a right of way to a railroad company is the grant of an easement merely and the fee of the soil remains in the grantor," *id.* at 506, 111 P. 578, therefore leaving open to question whether the reverter clause was the significant, dispositive factor which caused the Supreme Court of Washington to find that the Burke deed granted only an easement. *Id.* at 506, 111 P. 578. Additionally, in *Veach v. Culp,* 92 Wash.2d at 574, 599 P.2d 526, although admittedly before the *Brown* decision, the Supreme Court of Washington had relied heavily upon the presence of the term "right-of-way" in the granting clause of a deed, which contained no reverter clause, to determine that it conveyed only an easement.

The plaintiffs also argue that the court's conclusion in *Ray v. King County,* decided by a panel of the Court of Appeals of Washington, Division I (after the Supreme Court of Washington's decision in *Brown*), conflicts with the decision of the Court of Appeals of Washington, Division III, in *Hanson Industries, Inc. v. County of Spokane,* 114 Wash. App. 523, 528, 58 P.3d 910, 914 (2002), *review denied,* 149 Wash.2d 1028, 78 P.3d 656 (2003), also issued after the *Brown* decision. The *Hanson Industries* court reiterated the continuing disarray of the decisions regarding whether a railroad right-of-way is a fee or an easement. To add to the confusion, the *Hanson Industries* court wrote:

The chaos reflected in court decisions arises from the unique nature of railroad rights-of-way. A railroad right-of-way is a very substantial thing, more than a mere right of passage and more than an ordinary easement. It is often likened to a determinable fee. It is an easement with the substantiality of a fee and the attributes of a fee, perpetuity and exclusive use and possession; also the remedies of a fee. This "fee-like" estate is frequently granted in terms usually associated with the grant of a fee simple. But whatever it is called, the railroad right-of-way is taken for a specific purpose—to be held only so long as it is devoted to that purpose.

*Hanson Indus., Inc. v. County of Spokane,* 114 Wash.App. at 529, 58 P.3d 910 (citations omitted).

After reviewing a railroad right-of-way deed, the *Hanson Industries* court found that the deed at issue in that case granted only an easement. In its analysis, the *Hanson Industries* court followed what it identified as Washington state precedent, that "'when the granting clause of a deed declares the purpose of the grant to be a right of way for a railroad the deed passes an easement only . . . .'" *Hanson Indus., Inc. v. County of Spokane,* 114 Wash.App. at 529, 58 P.3d 910 (quoting *Swan v. O'Leary,* 37 Wash.2d at 537, 225 P.2d 199). The *Hanson Industries* court also wrote: "*Brown* holds that a statutory warranty deed purporting to convey a fee simple will, nonetheless, be interpreted as conveying an easement if the words 'right-of-way' appear in the granting clause." *Hanson Indus., Inc. v. County of Spokane,* 114 Wash.App. at 529, 58 P.3d 910 (citing *Brown v. Washington,* 130 Wash.2d at 438, 924 P.2d 908).

Therefore, adhering to the significance attributed to the term right-of-way in the granting clause, the Court of Appeals of Washington, Division III, stated in *Hanson Industries:*

. . . Washington decisions have consistently interpreted deeds granting a strip of land for a railroad right-of-way as conveying an easement, even in the face of traditional factors signifying a fee. Thus, if the words "right-of-way" appear in the grant-

ing clause, the interest conveyed is an easement, even if the deed is in the statutory warranty form, uses the words "fee simple," contains covenants of warranty, a habendum clause conveying the land "forever," and other indicia of a fee simple. *Morsbach* is the principal Washington case for this general rule. After reviewing cases from other jurisdictions, *Morsbach* adopts the majority view that, unless a different intent is unambiguously specified, the grant of a right-of-way to a railroad conveys an easement. This is so even in the face of contrary language in a habendum clause, and warranting covenants. *Morsbach*, 152 Wash. at 574–75, 278 P. 686.

*Hanson Indus., Inc. v. County of Spokane*, 114 Wash.App. at 528–29, 58 P.3d 910 (internal citations and footnote omitted) (citing *Harris v. Ski Park Farms, Inc.*, 120 Wash.2d 727, 844 P.2d 1006); *Lawson v. Washington*, 107 Wash.2d 444, 730 P.2d 1308 (1986); *Roeder Co. v. Burlington No., Inc.*, 105 Wash.2d at 567, 716 P.2d 855; *Zobrist v. Culp*, 95 Wash.2d 556, 627 P.2d 1308 (1981); *Veach v. Culp*, 92 Wash.2d at 573–74, 599 P.2d 526; *Swan v. O'Leary*, 37 Wash.2d at 534, 225 P.2d 199; *Morsbach v. Thurston County*, 152 Wash. at 564–65, 278 P. 686; *Reichenbach v. Wash. Short Line Ry.*, 10 Wash. at 357, 38 P. 1126; *King County v. Squire Inv. Co.*, 59 Wash.App. at 888, 801 P.2d 1022.

Although the court did not quote the full language of the deeds at issue in *Hanson Industries,* many of the attributes of the deeds that it specifically discussed also are present in the deeds at issue in the above-captioned cases, including in the *Ray* case. For example, along with the presence of the term "right of way" in the granting clause, the *Hanson Industries* deed, like the deeds in the present cases, in the habendum clause, grant to the railroad the right to hold the right-of-way "forever." *Hanson Indus., Inc. v. County of Spokane*, 114 Wash.App. at 532, 58 P.3d 910. The *Hanson Industries* court found this language not to be dispositive, stating that "the habendum clause must yield to the granting clause if the two conflict." *Id.* Also similar to the deeds in this case, the deeds in *Hanson Industries* contained no reverter clause.

The Court of Appeals of Washington, Division III, panel's decision in *Kershaw Sunnyside Ranches, Inc. v. Yakima Interurban Lines Ass'n,* 121 Wash.App. 714, 725, 91 P.3d 104, 111 (2004), *review granted,* 153 Wash.2d 1024, 110 P.3d 756 (2005), also seems to conflict with the Court of Appeals of Washington, Division I, in the *Ray v. King County* case. In *Kershaw,* the Court of Appeals of Washington, once again and after the *Brown* decision, recognized the inconsistent holdings of the many courts that have reviewed the fee versus easement issue. The *Kershaw* court acknowledged the *Brown* opinion and stated: "The Supreme Court recently attempted to clarify the 'considerable disarray' in cases addressing whether railroad deeds conveyed fee simple titles or only easements . . . ." *Id.* at 725, 91 P.3d 104 (citing *Brown v. Washington,* 130 Wash.2d at 437, 924 P.2d 908). Citing frequently to the *Brown* decision, the *Kershaw* court noted that: "Most of the deeds at issue [in *Brown* ] expressly conveyed fee simple title." *Kershaw Sunnyside Ranches, Inc. v. Yakima Interurban Lines Ass'n,* 121 Wash.App. at 727, 91 P.3d 104. The *Kershaw* court, however, emphasized the importance the Supreme Court of Washington had placed on the term "right-of-way." In interpreting a 1905 railroad right-of-way deed, the court stated that: "Here, the 1905 deed expressly stated the property was 'to be used by said party of the second part as a right of way for a railway.' This language in the deed's granting clause specified the purpose of the grant and indicates it created only an easement." *Id.* The *Kershaw* court found particularly relevant the presumption that the "use of the term 'right of way' to specify the purpose of the grant generally creates only an easement." *Id.* A noticeable difference between the deeds in this case and the deed reviewed in *Kershaw,* however, is that a reverter clause was present in the *Kershaw* deed, which stated that the railroad may hold the right-of-way "so long as a railway may be maintained . . . ." *Id.* at 728, 91 P.3d 104.

Relying on the conflicting language between Division I and Division III, the plaintiffs argue that this court should grant certification to the Supreme Court of Washington

to give the higher court an opportunity to offer more definitive guidance in this important area of Washington state law. The defendant argues, however, that certification is unwarranted because the exact language of the deeds in this case have been previously reviewed by state and federal courts in two cases, and each time the courts have found that the deed conveys fee simple title. Specifically, the deed language was reviewed by Washington state courts in *Ray v. King County*, No. 00–2–12946–8SEA (Wash.Super. Ct., King County Aug. 24, 2001) (oral opinion finding that the Hilchkanum deed granted a fee simple interest and quieting title and granting summary judgment to King County, Washington), in *Ray v. King County*, 120 Wash.App. at 564, 86 P.3d 183 (affirming the Washington Superior Court's finding that the Hilchkanum deed granted a fee simple interest) (discussed above). The Hilchkanum deed also was reviewed by the United States District Court for the Western District of Washington and the United States Court of Appeals for the Ninth Circuit in *King County v. Rasmussen*, 143 F.Supp.2d 1225 (W.D.Wash. 2001), *aff'd*, 299 F.3d 1077 (9th Cir.2002), *cert. denied*, 538 U.S. 1057, 123 S.Ct. 2220, 155 L.Ed.2d 1106 (2003) (discussed below).

The United States argues that whether the deeds in the above-captioned cases grant easements or fee simple interests is settled as a result of the review in *Ray v. King County*, which the Supreme Court of Washington declined to review. *See Ray v. King County*, 152 Wash.2d at 1027, 101 P.3d 421. According to the government, the seemingly conflicted Washington state court findings on easements versus fee simple interests are to be understood by the fact that courts give different weight and significance to the various factors established first in *Swan* and then in *Brown v. Washington*. To support its argument, the defendant quotes from *Swan v. O'Leary*, which stated that "difficulty arises when the instrument of conveyance is ambiguous, is in some way qualified, or appears to be a mixture of the two ideas." *Swan v. O'Leary*, 37 Wash.2d at 536, 225 P.2d 199.

In *King County v. Rasmussen*, 143 F.Supp.2d at 1225, King County brought a quiet title action against the Rasmussens in the United States District Court for the Western District of Washington, claiming that it owned in fee simple a 100 foot-wide right-of-way that ran through the Rasmussens' property. King County was a successor in interest to the initial grant of the right-of-way, which passed to the Seattle Railway Company under the Hilchkanum deed in 1887. After reviewing the Hilchkanum deed and the Supreme Court of Washington's *Brown* decision, the District Court held that the Hilchkanum deed granted a fee and the court quieted the title in favor of King County. In its analysis, the District Court applied a three part test to determine the intent of the parties to the Hilchkanum deed. The three part test included (1) the language of the deed, (2) subsequent behavior of the parties regarding the land, and (3) circumstances at the time of execution. *See King County v. Rasmussen*, 143 F.Supp.2d at 1229.

In reviewing the language of the deed, the *Rasmussen* court stated that the "open-ended language of the Hilchkanum deed shows intent to convey a fee," *id.*, and that the language did not limit the conveyance by designating a specific purpose, or limiting the use of the land. Additionally, the court found persuasive the language of the deed which granted a "strip" of land rather than a right "over" the land. *Id.* at 1230. In addition to reviewing the language of the deed, the United States District Court reviewed the later behavior of the parties and the circumstances surrounding the execution of the deed. The court noted that when the Hilchkanums later deeded other portions of their property, they carved out the right-of-way and conveyed their property "less" the right-of-way. *Id.* The court found this action to be a "strong indication that the parties viewed the grant to the Railway to be a fee simple." *Id.*

In reviewing the circumstances surrounding the execution of the deed, the District Court also compared the Hilchkanum deed to others executed during the same time. Citing *Northlake Marine Works. Inc. v. City of Seattle*, 70 Wash.App. at 491, 857 P.2d 283, and *King County v. Squire Inv. Co.*, 59

Wash.App. at 890, 801 P.2d 1022. The United States District Court noted that the deeds in those cases, executed during the same time period as the Hilchkanum deed, specifically restricted the grant to railroad purposes and reverted the interest to the grantor if the railroad ceased to operate. *See King County v. Rasmussen*, 143 F.Supp.2d at 1230.

On appeal, the United States Court of Appeals for the Ninth Circuit affirmed the District Court's holding that the Hilchkanum deed conveyed a fee interest. *King County v. Rasmussen*, 299 F.3d at 1088. In its analysis, the Ninth Circuit, like the District Court, acknowledged the Washington Supreme Court opinion in *Brown* and focused on the language of the deed, finding that the deed "contained precatory language indicating that the parties expected that the right of way would be used to construct and operate a railroad, but it did not actually condition the conveyance on such use." *King County v. Rasmussen*, 299 F.3d at 1086. The Ninth Circuit recognized that the term "right-of-way" appeared in the granting clause as well as in the legal description of the Hilchkanum deed and stated that: "In this sense, the Hilchkanum deed suggests a possible intent to create only an easement ...." *Id.* Ultimately, however, the Ninth Circuit affirmed the District Court's findings, stating " 'the language of the deed, the behavior of the parties, and the circumstances converge to show the Hilchkanums' intent to convey a fee simple.' " *Id.* at 1088 (quoting *King County v. Rasmussen*, 143 F.Supp.2d at 1230–31).

After reviewing the numerous Washington state court opinions interpreting private deeds conveying railroad rights-of-way, this court believes that the lower courts in the State of Washington, as well as federal courts would benefit from further guidance from the Supreme Court of Washington. Although the highest court in the state has identified a list of review criteria, deed interpretation regarding railroad rights-of-way has taken two parallel tracks. On the one hand, some Washington state courts adhere to the strict presumption that if the purpose of a deed is to grant a right-of-way to a railroad, and the deed uses the term "right-

of-way" in its granting clause, then the deed passes an easement only. *See Veach v. Culp*, 92 Wash.2d at 574, 599 P.2d 526, *Swan v. O'Leary*, 37 Wash.2d at 537, 225 P.2d 199, *Morsbach v. Thurston County*, 152 Wash. at 565, 278 P. 686; *Hanson Indus., Inc. v. County of Spokane*, 114 Wash.App. at 529, 58 P.3d 910. On the other hand, a Washington state court panel has chosen which of the seven factors identified in *Brown* to apply or has turned to reviewing "other considerations," also acknowledged in *Brown*, as an element to ascertain the intent of the parties. *See Brown v. Washington*, 130 Wash.2d at 438, 924 P.2d 908; *Ray v. King County*, 120 Wash.App. at 576, 86 P.3d 183.

Although the Hilchkanum deed has been reviewed by the Court of Appeals of Washington, Division I, and found to grant a fee interest by that court, *see Ray v. King County*, 120 Wash.App. at 576, 86 P.3d 183, and the Hilchkanum deed is written identically to the other deeds at issue in the cases before the United States Court of Federal Claims, the reasoning set forth to interpret the Hilchkanum deed is not consistent with the reasoning set forth in *Hanson Industries*, which reiterated the presumptive importance of the term "right-of-way" in a deed. *See Hanson Indus., Inc. v. County of Spokane*, 114 Wash. App. at 529, 58 P.3d 910. Thus, the decisions of the different Court of Appeals panels in various Divisions of the Court of Appeals of Washington on similar deeds are in apparent conflict. To date, the Supreme Court of Washington has declined to review the Hilchkanum deed language.

In its opinion in *Brown*, the Supreme Court of Washington indicated that in order to determine whether a fee simple ownership or easement existed in the case before it, the court "relied on the following factors." *Brown v. Washington*, 130 Wash.2d at 438, 924 P.2d 908. The court did not specify that all the factors should be reviewed by those state or federal courts in each case, nor did the Supreme Court of Washington indicate whether certain of the factors are more significant than others when conducting a review of deed language. Furthermore, the Washington high court did not give guidance regarding the "many other considerations

suggested by the language of the particular deed," which the court suggested could be relevant in the seventh factor in the *Brown* case. This might explain why differing results, following review by a range of state and federal courts, is to be anticipated. "[W]hile the decrees of 'lower state courts' should be 'attributed some weight ... the decision [is] not controlling ...' where the highest court of the State has not spoken on the point." *Commissioner of Internal Revenue v. Bosch's Estate,* 387 U.S. 456, 465, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967) (quoting *King v. Order of United Commercial Travelers,* 333 U.S. 153, 160, 68 S.Ct. 488, 92 L.Ed. 608 (1948)).

The State of Washington has provided an avenue for federal courts to resolve issues of unsettled state law to be applied in their cases by requesting certification. *See* Wash. Rev.Code § 2.60.020. Federal courts should use that avenue and not rely upon the interpretations of state law provided by other federal courts or lower state courts. Referencing this Washington state statute, a Justice of the United States Supreme Court has stated that interpreting state law "in the absence of prior state court adjudication is particularly gratuitous when, as is the case here, the state courts stand willing to address questions of state law on certification from a federal court." *Brockett v. Spokane Arcades, Inc.,* 472 U.S. 491, 510, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985) (O'Connor, J., concurring) (citing Wash. Rev.Code §§ 2.60.010—2.60.900 (1983)). The United States Supreme Court recognizes the benefits to be gained by certifying specific questions of unsettled state law to a state Supreme Court before making a decision in a case. *See Fiore v. White,* 528 U.S. 23, 120 S.Ct. 469, 145 L.Ed.2d 353 (1999) (certifying a question of Pennsylvania state law to the Supreme Court of Pennsylvania). *See also Lehman Bros. v. Schein,* 416 U.S. 386, 391, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974). Moreover, as noted by the United States Supreme Court, in matters of state law, federal courts outside of the particular state at issue can be " 'outsiders' lacking the common exposure to local law which comes from sitting in the jurisdiction." *Id.* at 391, 94 S.Ct. 1741. Therefore, certification can "in the long run

save time, energy, and resources and helps to build a cooperative judicial federalism." *Id.*

The issue of whether to certify to state high courts the question of what interest is passed by particular deeds, i.e. a fee or an easement, also has been addressed several times by the United States Court of Appeals for the Federal Circuit, the circuit to which the above-captioned cases will be appealed if either party so chooses after a decision is issued in the United States Court of Federal Claims. *See Toews v. United States,* 376 F.3d 1371, 1380 (Fed.Cir.), *reh'g denied* (2004) (denying certification based on the facts of the case before it); *Chevy Chase Land Co. v. United States,* 158 F.3d 574, 575 (Fed.Cir.1998) (granting certification to the Court of Appeals of Maryland); *Preseault v. United States,* 100 F.3d 1525, 1534 (Fed.Cir. 1996) (noting the desirability for interpretation of Vermont property law by the Vermont state courts, however, Vermont did not provide a mechanism for certification).

In *Toews,* the Federal Circuit reviewed a deed granting a railroad company a "Right of Way for its proposed Railroad." *Toews v. United States,* 376 F.3d at 1373. Unlike the deeds at issue in this case, the deed at issue in *Toews* contained a clearly worded reversionary clause, which stated: "Provided, however, that if said Railroad Company shall permanently discontinue the use of said railroad the land and Rights of Way shall at once revert to the undersigned." *Id.* In the present cases, unfortunately, the deeds are not as clear. In *Chevy Chase,* the Federal Circuit reviewed a deed with a grant to a railroad for "a free and perpetual right of way." After reviewing the relevant deed, the Federal Circuit found that the outcome in the case depended "upon complicated issues of Maryland property law which this court [the Federal Circuit] discerns an absence of applicable and dispositive Maryland law." *Chevy Chase Land Co. v. United States,* 158 F.3d at 575. The Federal Circuit, therefore, agreed to certify an issue to the Supreme Court of Maryland for an interpretation of the language of the deeds regarding whether a fee simple interest or an easement was granted.

Given the importance of the issues under review, and the differing lower court opinions, guidance from the Supreme Court of Washington would be welcome. If the Supreme Court of Washington does not grant the request to review, however, this court, which is mindful of, but not bound by any of the previous decisions on the issue of fee versus easement discussed in this order, will undertake its own evaluation of the deeds using the seven factors in *Brown*, as well as the broad category of "other considerations" the *Brown* court recommends considering, as they apply to the many plaintiffs before this court. Because the cases brought by the above-captioned plaintiffs place at issue real property issues within the State of Washington, this judge, at the request of the plaintiffs, requests the Supreme Court of Washington to take the opportunity to interpret the deed language and offer finality to the many plaintiffs before this court, as well as other land owners in the State of Washington who may come forward with the same issue.

## CONCLUSION

For the reasons discussed above, this court is of the opinion that the parties in the above-captioned cases, this court, and other potential litigants in state and federal courts, would benefit from additional guidance from the Supreme Court of Washington with respect to the applicable standards by which to interpret railroad right-of-way deed language in the State of Washington. Although the *Brown* court set out seven possible factors for consideration by other courts, whether the plaintiffs' deeds convey an easement or a fee is not easily determined without prioritization within the factors, and guidance regarding the seventh factor, which includes "many other considerations suggested by the language of the particular deed." Even the lower Washington state courts seem to arrive at differing resolutions. At a minimum, a declaration by the Supreme Court of Washington on this matter would be welcome in order to best resolve the issue of whether the multiple plaintiffs in the cases before this court can continue with their Fifth Amendment taking claims. The court, therefore, **GRANTS** the plaintiffs' request to certify the

above questions of law to the Supreme Court of Washington.

**IT IS SO ORDERED.**