[No. 5333-1.   Division One.   October 9, 1978.]

RICHARD VEACH, ET AL, *Appellants,* v. FRANK CULP, ET AL, *Respondents.*

*Sam Peach,* for appellants.

*Lycette, Diamond & Sylvester, Lyle L. Iversen, Shidler, McBroom, Gates & Baldwin,* and *James R. Irwin,* for respondents.

FARRIS, C.J.—Richard Veach, Mary P. Veach and Forrest Solem appeal from a judgment dismissing with prejudice their complaint by which they sought the removal of a chain link fence from a right–of–way occupied by the Lake Whatcom Railway Company.

In 1975, the Veaches and Solem purchased as tenants in common the following:

> The West 160 feet of Government Lot 7 and the South 5 acres of Government Lot 6, Section 22, Township 37 North, Range 4 East of W.M., EXCEPT the railroad right–of–way, LESS roads, situate in Whatcom County, Washington. SUBJECT to easement for road purposes, as contained in deed dated December 15, 1961, recorded December 19, 1961, in Volume 468 of Deeds, Page 550, under Whatcom County Auditor's file number 922378.

Exhibit 19. The fence of which they complain lies both on the right–of–way and on an adjoining strip of land acquired by the railroad's predecessor in interest. The right–of–way was purchased in 1901 from the original grantors of the Veaches' property, Fred and Mattie Zobrist. The Zobrist deed provides:

> Fred Zobrist et ux. To Bellingham Bay & Eastern R.R. Co. Quitclaim Deed. This Indenture, made this ____ day of June in the year of our Lord, one thousand, nine hundred and one, between Fred Zobrist and Mattie A. Zobrist of Acme, Wash., husband and wife, parties of the first part, and Bellingham Bay & Eastern R.R. Co. of a corporation of the State of Washington, party of the second part. Witnesseth, that the said party of the first part, for and in consideration of the sum of Two Hundred and Twenty–five Dollars, lawful money of the United States,

to them in hand paid, the receipt whereof is hereby acknowledged, do by these presents remise, release and forever quit claim unto said party of the second part, and to its assigns, all that certain lot, piece or parcel of land situate in Whatcom County, State of Washington, particularly bounded and described as follows, to–wit:

A right–of–way one hundred feet wide, being fifty (50) feet on each side of the center line of the B.B. & Eastern R.R. as now located through that portion of Lot Six (6), Section 22, Township 37 North Range 4 East, lying east of Fir St. Blue Canyon and also Lot Seven (7) same section excepting all rights for road purposes that may have heretofore been conveyed to Whatcom County and particularly reserving all littoral and riparian rights to the said Fred and Mattie A. Zobrist.

Together with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appurtaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof.

To have and to hold, all and singular, the said premises, together with the appurtenances unto the said party of the second part, and to its assigns forever.

Exhibit 3. In 1931, the fee in the adjoining strip of land was purchased from Joseph and Minnie Byron. The Veaches' property includes several acres north of the Zobrist and Byron tracts and a small strip of land between the southerly boundary of the right–of–way and the shore of Lake Whatcom. A portion of the right–of–way also abuts on the lake.

The Lake Whatcom Railway Company (the present name of Cascade Recreation, Inc.) and Frank Culp, its president, claim an estate in fee in the right–of–way and an absolute right to erect and maintain a fence to prevent trespassing. The Veaches contend that they own the fee and that the railroad has a mere easement. They argue additionally that the fence unlawfully restricts enjoyment of their riparian rights and access to their waterfront property.

■ The Supreme Court stated in *Morsbach v. Thurston County,* 152 Wash. 562, 568, 278 P. 686 (1929):

Courts generally recognize that the words "right of way" have a twofold meaning. They are sometimes used

to describe a mere right of passage over a tract, and sometimes to describe the strip of land which railroad companies purchase, or otherwise compulsorily acquire, upon which to construct their railroad. *Joy v. St. Louis,* 138 U.S. 1; *New Mexico v. United States Trust Co.,* 172 U.S. 171; *Maysville & B. S. R. Co. v. Ball,* 108 Ky. 241, 56 S. W. 188; *Abercrombie v. Simmons,* 71 Kan. 538, 81 Pac. 208, 6 Ann. Cas. 239.

Whether the Zobrists conveyed an easement only (a right to use the land for the purpose of operating a railroad) or the fee in the land depends upon the intent of the parties to the deed. *Scott v. Wallitner,* 49 Wn.2d 161, 299 P.2d 204 (1956).

> In attempting to arrive at the intention of the parties to similar conveyances, the courts have considered such factors as whether the consideration expressed was substantial or nominal; whether the deed conveyed a strip, piece, parcel or tract of land, and did not contain additional language relating to the use or purpose to which the land was to be put, or in other ways limiting the estate conveyed; whether the deed conveyed a strip of land and limited its use to a specific purpose; whether the deed conveyed a right of way over a tract or land, rather than a strip, piece or parcel thereof; whether the deed granted only the privilege of constructing, operating, or maintaining a railroad over the land; whether the deed contained a clause providing that if the railroad ceased to operate, the land conveyed would revert to the grantor; whether the conveyance did or did not contain a *habendum* clause, and many other considerations suggested by the language of the particular deed.

*Swan v. O'Leary,* 37 Wn.2d 533, 535–36, 225 P.2d 199 (1950).

The Veaches rely on the following rule which was adopted in *Morsbach*:

> [W]hen the granting clause of a deed declares the purpose of the grant to be a right of way for a railroad the deed passes an easement only, and not a fee with a restricted use, even though the deed is in the usual form to convey a fee title.

*Zobrist v. Culp*, 18 Wn. App. 622, 629, 570 P.2d 147 (1977), *quoting Swan v. O'Leary, supra* at 537. The granting clause in *Morsbach v. Thurston County, supra* at 564, read "the right-of-way for the construction of said company's railroad"; in *Swan v. O'Leary, supra* at 534, "'for the purpose of a Railroad right-of-way'"; and in *Zobrist v. Culp, supra* at 625, "Said right of way is hereby granted for the purpose of running and operating a Railroad . . ." The deed here contains no such declaration of purpose. There is no clause relating to the use to which the land was to be put, and no reversion or right of reentry. The grant was unconditional and, except for the words "right-of-way," in fee language. Substantial evidence supports the trial court's finding that the intent of the parties was that the deed convey a fee simple title. We therefore will not disturb that ruling on appeal.

In the alternative, the Veaches claim an easement by implied reservation across the right-of-way in order to reach their waterfront property and to enjoy riparian rights expressly reserved in the granting clause of the Zobrist deed. Riparian rights, such as access, swimming, fishing and boating, are conferred upon a property owner by virtue of the contiguity of his property to a body of water. *Bach v. Sarich*, 74 Wn.2d 575, 445 P.2d 648 (1968); *Hefferline v. Langkow*, 15 Wn. App. 896, 552 P.2d 1079 (1976). The Veaches are riparian owners of their own waterfront strip of land and that part of the railroad right-of-way which abuts on the lake. That, however, does not give them the right to cross over the railroad's property to gain access to the shore unless they can show that the Zobrist conveyance implied an easement by reservation. Such an easement may arise when the party claiming it shows: (1) unity of title and subsequent separation, (2) an apparent and continuous quasi-easement existing for the benefit of the retained parcel to the detriment of the conveyed parcel during the unity of title, and (3) "strict" necessity that the quasi-easement exist after severance. *Adams v. Cullen*, 44 Wn.2d 502, 268 P.2d 451 (1954). The necessity is to be determined from the

conditions existing at the time of the conveyance. Unity of title and subsequent separation, which are absolute requirements, were satisfactorily proven by the Veaches. They failed in their burden of proof, however, as to the second and third characteristics of an easement by implied reservation. Although the presence or absence of either or both of these characteristics is not necessarily conclusive, their absence supports the trial court's finding that no easement was intended by the original parties to the conveyance.

Affirmed.

PEARSON, C.J., and DORE, J., concur.

Reconsideration denied December 20, 1978.

Review granted by Supreme Court April 20, 1979.