# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

LAKE WHATCOM RAILWAY
COMPANY, a Washington corporation,

  Appellant,

v.

KARL ALAR and JEANINE ALAR,
husband and wife, and the marital
community composed thereof, and all
persons claiming any right, title or
interest through them, and STEVEN
M. SCOTT and JANE DOE SCOTT,
husband and wife, and the marital
community composed thereof, and all
persons claiming any right, title or
interest through them,

  Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO. 68913-4-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: February 3, 2014

LEACH, C.J. — In this chapter of a property rights dispute that has continued for decades, Lake Whatcom Railway Company appeals a series of trial court orders.[1] It claims the court imposed limitations on its activities that conflicted with the railroad's duties under federal law. It also contends that the court erred by applying res judicata to bar its claims about the legal effect of the

---

[1] On June 26, 2012, the parties satisfied the judgment contemplated by the court's supplemental findings of fact, conclusions of law, and order entered on May 18, 2012. But the record does not show that the trial court entered this final judgment before it was satisfied.

1901 deed, interpreting a 1931 deed, and by granting a motion to substitute parties. Lake Whatcom Railway also asserts that we have discretion under RAP 2.5(c)(2) to revisit our Supreme Court's decision in Veach v. Culp,[2] which held that the 1901 deed conveyed an easement interest in a railroad right-of-way. Because we disagree with the trial court's conclusion that the 1931 deed conveyed an easement interest rather than a fee simple, but otherwise find no error, we reverse in part and remand for further proceedings.

FACTS

Lake Whatcom Railway operates a seasonal excursion train along the shore of Lake Whatcom. Frank Culp is its president. Karl and Jean Alar, Stephen and Cindy Scott, and Roger and Ardis Wens (collectively Alar) own three parcels of land abutting the lake that the railway track bisects. This lawsuit involves the nature of the railway's property interest created by two conveyances, one in 1901 and one in 1931.

In 1901, Alar's predecessors in interest, Fred and Mattie Zobrist, conveyed a railroad right-of-way to Bellingham Bay & Eastern Railroad Company (Zobrist deed).[3] In 1931, Alar's predecessors in interest, Joseph and Minnie Byron, conveyed an adjoining strip of land to Northern Pacific Railway Company

---

[2] 92 Wn.2d 570, 574, 599 P.2d 526 (1979).
[3] See Veach v. Culp, 21 Wn. App. 454, 455, 585 P.2d 818 (1978).

(Byron deed).[4] Burlington Northern Railroad, Northern Pacific Railway's successor, operated a branch line running from Wickersham to Bellingham, Washington, until 1970.[5] This line crossed the Alar property through the right-of-way described in the 1901 deed.

In 1972, Burlington Northern conveyed to Cascade Recreation Inc. all of the property rights created by the 1901 and 1931 deeds. Cascade Recreation also acquired a portion of Burlington Northern's branch line, which ran from Wickersham to Blue Canyon, and began to run a weekend and summer excursion train.[6] In 1989, Cascade Recreation conveyed these rights to Lake Whatcom Railway.[7] Lake Whatcom Railway operates a small propane-powered engine that pulls a miniature car that holds approximately four to ten passengers. This train operates twice a week between Memorial Day and Labor Day.

---

[4] See Veach, 21 Wn. App. at 455.

[5] See Zobrist v. Culp, 18 Wn. App. 622, 625, 570 P.2d 147 (1977); Zobrist v. Culp, 95 Wn.2d 556, 557, 627 P.2d 1308 (1981). The Interstate Commerce Commission approved Burlington Northern's abandonment of this branch line, effective July 21, 1971. After this time, Burlington Northern dismantled some of the tracks . Zobrist, 95 Wn.2d at 557. In 1981, the court held that one-half mile of track on the railroad right-of-way reverted to the Zobrists after the railroad failed to meet conditions of the original grant requiring that it not fail to operate a railroad for a period of more than 12 consecutive months. Zobrist, 95 Wn.2d at 557.

[6] Zobrist, 95 Wn.2d at 557.

[7] Lake Whatcom Railway is the successor in title to Cascade Recreation Inc.

In 1976, Alar's predecessors in interest, Richard Veach, Mary Veach, and Forrest Solem (collectively Veach) sued Culp after he constructed a fence along the northerly edge of the right-of-way. Veach claimed that he owned a fee interest in the right-of-way, that the railroad had only an easement, and that the fence restricted his riparian rights and access to his waterfront property unlawfully.[8] The trial court held that both deeds conveyed a fee simple title to the railroad. On appeal, although Veach raised the issue of the 1931 deed in his brief, we did not decide this deed's legal effect and affirmed the trial court's interpretation of the 1901 deed.[9] In Veach v. Culp, our Supreme Court reversed, holding that the 1901 deed conveyed an easement interest in the right-of-way to the railroad.[10] In 1980, on remand, the trial court entered a decree stating that the 1901 deed conveyed an easement to the railroad.

In 2008, Lake Whatcom Railway filed a complaint to quiet title and for damages against Alar, alleging that Alar stood on the rails, blocked maintenance, dumped dirt on the right-of-way, burying the tracks, created safety hazards, erected confusing signs, and harassed Lake Whatcom Railway's customers. On February 13, 2009, the court consolidated this action with Veach v. Culp. The court's order stated,

---

[8] Veach, 21 Wn. App. at 456.
[9] Veach, 21 Wn. App. at 454.
[10] Veach, 92 Wn.2d at 575-76.

> ORDERED ADJUDGED AND DECREED <u>Veach v. Culp</u>, Whatcom County Superior Court Cause No. 51720 is re-opened;
>
> ORDERED ADJUDGED AND DECREED that <u>Lake Whatcom Railway Company v. Alar et. al.</u>, Whatcom County Superior Court Cause No. 08-2-02034-3 and <u>Veach v. Culp</u>, Whatcom County Superior Court Cause No. 51720 shall be consolidated for all purposes for the duration of the proceedings in both matters.

On March 27, 2009, the court granted Alar's motion to substitute parties, substituting Alar as plaintiff in this case in place of Veach and substituting Lake Whatcom Railway as a defendant in place of Cascade Recreation Inc.

On June 24, 2009, the trial court granted Alar's motion for partial summary judgment, ruling that under res judicata, the court's decision in <u>Veach</u> controlled the 1901 deed's legal effect. The court dismissed Lake Whatcom Railway's claims that did not arise out of the 1931 deed. On August 21, 2009, the trial court entered an interim order pending trial that limited Lake Whatcom Railway's actions. The court modified this order orally on September 16.[11] On October 27, Alar filed counterclaims against Lake Whatcom Railway. On November 12, 2009, our court commissioner denied Lake Whatcom Railway's request for discretionary review of the court's order denying Lake Whatcom Railway's motion

---

[11] The court denied Lake Whatcom Railway's motion to vacate the interim order but modified the order orally during a hearing on Lake Whatcom Railway's motion to allow ongoing railroad maintenance and repairs. On the court's order denying the motion to vacate the interim order, the judge wrote, "May present an order consistent with Sept. 16 2009 oral ruling on Plaintiff motion." The court entered no written order reflecting the modification.

for partial summary judgment, its order granting Alar's motion for partial summary judgment, and its August 21 interim order.[12]

The trial court bifurcated the case for trial. On September 24, 2010, following the first phase of the trial, the court entered partial findings of fact and partial conclusions of law. It held that the 1901 and 1931 deeds each conveyed an easement and quieted title in Alar, subject to Lake Whatcom Railway's easement. It also ruled that Lake Whatcom Railway was subject to the court's 1980 decree in Veach. Our court commissioner denied Lake Whatcom Railway's request for discretionary review of this decision.

On May 18, 2012, following the damage phase of the trial, the court entered supplemental findings of fact and conclusions of law. The court awarded damages against Alar to Lake Whatcom Railway but offset these damages with damages awarded against Lake Whatcom Railway.

Lake Whatcom Railway appeals.

---

[12] The commissioner reasoned that the notice was untimely as to the court's orders denying Lake Whatcom Railway's motion for partial summary judgment and granting Alar's motion for partial summary judgment and that the court changed the August 21 interim order, rendering review moot. The commissioner also noted that Lake Whatcom Railway failed to satisfy all of the criteria in RAP 2.3(b) for discretionary review of the August 21 order, even if the court did not amend this order.

ANALYSIS

Lake Whatcom Railway raises four issues. First, it claims that the trial court's interim order pending trial imposing limitations conflicted with applicable federal law. Second, it asserts res judicata does not bar its claims arising out of the 1931 deed. Third, it contends that the court had no authority to substitute parties. Finally, it alleges that we have discretion under RAP 2.5(c) to review the propriety of our Supreme Court's ruling in Veach.

Lake Whatcom Railway alleges that its "duties and obligations as to the operation and maintenance of the right of way are governed by federal law." It then claims, "A state superior court is preempted from regulating railroad operations" because "[t]he Surface Transportation Board . . . has exclusive jurisdiction over matters regarding Lake Whatcom Railway."

Lake Whatcom Railway challenges the court's interim order pending trial, which prohibited it "from undertaking any destruction, construction, and/or maintenance upon or to any aspect of the [Alar] property whether within or outside of the easement area without prior order of the Court." On September 16, 2009, the court modified this order orally, stating,

> [I]n full recognition of all parties' rights . . . I believe Lake Whatcom Railroad can undergo its maintenance plan in any way that it deems to be reasonable.
>
> If the defendants believe that there is a problem with that, whether it is directly in violation of their rights, or whether they think

that simply something is not going as it should in terms of compliance with all the regulations set forth by state, county, federal authorities and anybody else, that they can, of course, not only report the claimed or alleged violation to the agencies, but they can come marching back in here.

Lake Whatcom Railway also challenges three conclusions of law in the court's

May 18, 2012, order:

> 2.12     Pursuant to the 1980 Decree, the court enters the following as clarification of the 1980 Decree . . .
>
> - Plaintiff has the right to operate a railroad and run a train up and down the track;
> - Defendants may not materially interfere with such operations;
> - Defendants have the right to exercise the littoral rights on their property, including in the easement areas—right to access the shoreline and the exclusive right to swim, boat, fish, and do water related activities;
> - Defendants have the right to use the property within and without the railroad right of way and construct facilities down by the beach and along the shore, as long as they are not within 8 and ½ feet from the edge of the track;
> - Defendants may not prevent Plaintiff from having access by the water to bridges and banks for Plaintiff's access to tracks for inspection, maintenance and repair.  The foregoing is relevant to the small portion of the property which is at the east side of Defendant Alar's lot right next to the trestle.  The intent of the 1980 Decree was for access if needed to work on that part of the track and trestle;
> - Defendants may cross the railroad right of way wherever they may choose.  They may establish paths, roads, steps, etc. as needed to access the beach without interfering with the railroad's activity or that prevents the train from coming back and forth on the track;
> - Plaintiff, and their passengers, may not interfere with Defendant's use of the area south of the tracks which is the beach area;
> - Plaintiff may enter the area to the south of the tracks for purposes of inspection and repairs.  Passengers may

-8-

embark and disembark on the south side of the tracks. The passengers may not go beyond embarking, disembarking or standing immediately next to the railroad south of the tracks;

- Plaintiffs shall designate with signs facing the railroad tracks the appropriate picnic area for that north portion of the easement they wish to use for such picnic area. The size of the picnic area must be reasonable—it cannot encompass the entire area from the trestle to the end of Defendant Scott's property. The picnic area needs to be reasonable in light of the number of people that travel on the train. It is the Plaintiff's duty to undertake the designation of the picnic area;

- Defendants may not interfere with the passengers in the picnic area in anyway [sic]. Defendants may go back and forth, but they cannot obstruct the train movements or interfere with the passengers;

- Signs shall be erected by the Defendants, facing the track, indicating that the area to the south of the tracks is private beach area;

- Plaintiff is restrained from erecting any fences in the easement areas;

- Defendants may use their property in any way as long as that does not materially interfere with the railroad use, provided that the construction of a privacy fence cannot block the view of the lake from the railroad tracks or the picnic area.

The foregoing is not a modification or vacation of the 1980 Decree, but a clarification of the same. The foregoing shall be applicable to both the Zobrist and Byron Easement Areas.

. . . .

2.16      . . . . The judgment against defendants Alar in favor of Lake Whatcom Railway should be offset by the total damages for plaintiff Lake Whatcom Railway's trespass of $2,001.28, for a final judgment of $546.67 against plaintiff and in favor of defendants Alar.

2.17      Defendants Alar have established that plaintiff Lake Whatcom Railway's actions as regards the fence constitute trespass and/or interference to the damage of defendants Alar.

We review de novo questions of law and the trial court's conclusions of law.[13] We treat unchallenged findings of fact as verities on appeal.[14]

Lake Whatcom Railway argues that 49 C.F.R. § 213, which defines track safety standards, and 49 U.S.C. § 10501, which defines the Federal Surface Transportation Board's jurisdiction, govern its "duties and obligations as to the operation and maintenance of the right of way." 49 C.F.R. § 213 does not apply to track "[l]ocated inside an installation which is not part of the general railroad system of transportation,"[15] and 49 U.S.C. § 10501 applies only to transportation that forms part of the interstate rail network.[16] Lake Whatcom Railway owns and operates approximately four miles of track in Washington. Culp testified that as of 1981, the section of the track at issue, the Blue Canyon track, is three-quarters of a mile long, is separate from other railroad tracks, runs between no two stations, and does not run between states. In Veach, our Supreme Court noted,

> Here this railroad had been reduced to operation as an excursion operation. It has never made any freight deliveries. It has no paid employees. It has a very limited amount of equipment. Its single locomotive is owned by approximately 30 persons. It

---

[13] McCleary v. State, 173 Wn.2d 477, 514, 269 P.3d 227 (2012) (citing Sunnyside Valley Irrigation Dist. v. Dickie, 149 Wn.2d 873, 880, 73 P.3d 369 (2003)).

[14] State v. W.S., 176 Wn. App. 231, 232 n.1, 309 P.3d 589 (2013) (citing State v. Hill, 123 Wn.2d 641, 644, 870 P.2d 313 (1994)).

[15] 49 C.F.R. § 213.3(b)(1).

[16] 49 U.S.C. § 10501(2)(A) ("Jurisdiction . . . applies only to transportation in the United States between a place in . . . a State and a place in the same or another State as part of the interstate rail network.").

makes three round trips on Saturdays and two on Sundays. It is at the disputed site approximately only 15 minutes each trip. This regular usage is only on weekends during the summer for approximately 3 months. The other 9 months of the year it operates only on charter, admitting that in some months it has no charters at all. Thus the average use by the railroad of this disputed track area would be approximately 1 hour and 15 minutes during the weekends and then only during the summer.[17]

Lake Whatcom Railway bases its assertions on Culp's testimony that he believed federal law applies. Culp testified, "In the case of the railroad, the CFR in our opinion was the most applicable guideline for track construction." He also told the court, when asked if the federal maintenance standards apply, "We— presently they have chosen not to—we were regulated. They have chosen not to inspect us at this time." In 2009, Lake Whatcom Railway reported no interstate revenue to Washington.[18]

---

[17] <u>Veach</u>, 92 Wn.2d at 575.

[18] Counsel for Lake Whatcom Railway told the court,

From the documents, I could not determine if it's [federal] class two or three. My client says two. . . . My client believes it is a class two but we could not find a document that says class two or three. So I attached the documents that indicate that our reports are under class two and class three.

49 C.F.R. § 1201.1-1 groups railroad carriers into three classes "[f]or purposes of accounting and reporting." Class II carriers have "annual carrier operating revenues of less than $250 million but in excess of $20 million after applying the railroad revenue deflator formula shown in Note A." 49 C.F.R. § 1201.1-1(a). Class III carriers have "annual carrier operating revenues of $20 million or less after applying the railroad revenue deflator formula shown in Note A." 49 C.F.R. § 1201.1-1(a). Culp testified that the train "makes about forty thousand a year."

Lake Whatcom Railway does not demonstrate that the federal provisions it cites apply to its operation. Even if these provisions apply, in light of the court's oral modification to its written order permitting Lake Whatcom Railway to "undergo its maintenance plan in any way that it deems to be reasonable," Lake Whatcom Railway fails to show that the court interfered with any applicable legal rights or obligations.

Lake Whatcom Railway also asserts that res judicata does not bar its claims about the parties' ownership interests in the property, except those claims arising out of the 1931 deed. Lake Whatcom Railway argues, "When the trial court reopened the Veach v. Culp litigation, it was no longer a final judgment subject to res judicata." Following the first part of the trial, the court entered conclusion of law 2.5, which stated, "Plaintiff LWRR's claim of fee ownership of the Zobrist ROW is barred by res judicata."

The application of res judicata presents an issue of law that we review de novo.[19] Res judicata, also known as claim preclusion, prohibits litigating a claim that either was, or should have been, raised and litigated in a former action.[20] When the parties to two successive proceedings are the same and the prior proceeding culminated in a final judgment, a matter "'may not be relitigated, or

---

[19] Martin v. Wilbert, 162 Wn. App. 90, 94, 253 P.3d 108 (2011).
[20] Loveridge v. Fred Meyer, Inc., 125 Wn.2d 759, 763, 887 P.2d 898 (1995).

-12-

even litigated for the first time, if it could have been raised, and in the exercise of reasonable diligence should have been raised, in the prior proceeding.'"[21] Washington courts apply a four-part test to determine if a claim has already been decided: "'There must be identity of (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made.'"[22]

Nothing in the record indicates that the trial court vacated the 1980 judgment entered in <u>Veach</u>. Accordingly, this judgment in <u>Veach</u> remained final. Lake Whatcom Railway contends only that the cases do not have the same subject matter, arguing, "Lake Whatcom Railway's previous neighbors did not place a trailer on the property, build a fence, fill a drainage ditch, or obstruct the train," and that <u>Veach</u> "did not discuss or decide the effect of the reversion rights granted to the railroad in the 1901 deed." Here, the court properly applied res judicata to the court's interpretation in <u>Veach</u> of the 1901 deed's legal effect. Notably, the court awarded damages to Lake Whatcom Railway based upon Alar's "trespass and/or material interference to the damage of plaintiff."

---

[21] <u>Sound Built Homes, Inc. v. Windermere Real Estate/South, Inc.</u>, 118 Wn. App. 617, 627-28, 72 P.3d 788 (2003) (quoting <u>Kelly-Hansen v. Kelly-Hansen</u>, 87 Wn. App. 320, 328, 941 P.2d 1108 (1997)).

[22] <u>Hilltop Terrace Homeowner's Ass'n v. Island County</u>, 126 Wn.2d 22, 32, 891 P.2d 29 (1995) (quoting <u>Rains v. State</u>, 100 Wn.2d 660, 663, 674 P.2d 165 (1983)).

Therefore, the court here addressed the railway's claims about Alar's interference with its property rights not litigated in Veach.

Lake Whatcom Railway also challenges the trial court's determination that the 1931 deed conveyed an easement. In this case, because the original parties utilized the statutory warranty form deed and the granting clause conveys a definite strip of land, we hold that the grantors intended to convey fee simple title unless additional language in the deed clearly and expressly limits or qualifies the interest conveyed.[23] The 1931 deed contains no language clearly and expressly limiting or qualifying the interest conveyed. Therefore, we hold that the 1931 deed conveyed a fee simple interest.

Lake Whatcom Railway also challenges the superior court's 2009 order granting Alar's motion to substitute parties, arguing, "The trial court lacked personal jurisdiction over both Veach and Solem and therefore had no power to enter the [o]rder." It asserts that the Whatcom County Superior Court's 1980 decree was a "consent decree" that "operates as a contract between the parties only." Lake Whatcom Railway claims that we should apply principles of contract interpretation and "interpret the provisions addressing 'plaintiff' and 'defendant' differently than the relevant provisions addressing 'plaintiff, and those claiming under them' and 'defendant, and those claiming under them.'" It contends, "The

---

[23] Brown v. State, 130 Wn.2d 430, 437, 924 P.2d 908 (1996).

parties, when they used the language 'plaintiff' and 'defendant,' were intending only the actual plaintiffs (Veach and Solem) and only the actual defendants (Culp and Cascade Recreation)."

A consent decree is "[a] court decree that all parties agree to."[24] A decree is "[t]raditionally, a judicial decision in a court of equity, admiralty, divorce, or probate—similar to a judgment of a court of law."[25] Culp testified that he never discussed the document's language, terms, or conditions with Veach's lawyer or with the Veaches personally. The trial court stated, "I also think it is important for the Court to state that it is this Court's belief that the 1980 decree is not a consent decree." No evidence shows that the court's 1980 decree was an agreement among the parties, as opposed to a judicial decision following remand that resolved disputed issues.

CR 25(c) states, "In case of any transfer of interest, the action may be continued by or against the original party unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." This rule does not require substitution following a transfer of interest.[26] "'Whether or not the transferee is made a party, it will be bound by an adverse judgment for its rights are no better than those of its

---

[24] BLACK'S LAW DICTIONARY 471 (9th ed. 2009).
[25] BLACK'S LAW DICTIONARY 471 (9th ed. 2009).
[26] Stella Sales, Inc. v. Johnson, 97 Wn. App. 11, 17, 985 P.2d 391 (1999) (citing CR 25(c)).

transferor's.'"[27] Lake Whatcom Railway does not dispute that it is a successor in interest to Cascade Recreation or that Alar is a successor in interest to Veach, Veach, and Solem.[28] Accordingly, it fails to demonstrate that the trial court abused its discretion when it granted Alar's motion to substitute parties.

Finally, Lake Whatcom Railway claims, "This [c]ourt should exercise its discretion to re-examine the 1901 deed at issue in the Veach v. Culp litigation, which has been reopened and consolidated with the pending matter by the Whatcom County Superior Court, in light of the subsequent Washington case law." Under the law of the case doctrine, "once there is an appellate court ruling, its holding must be followed in all of the subsequent stages of the same litigation."[29] RAP 2.5(c)(2) limits this doctrine. RAP 2.5(c)(2) provides that if the same case is again before the appellate court after a remand,

> [t]he appellate court may at the instance of a party review the propriety of an earlier decision of the appellate court in the same case and, where justice would best be served, decide the case on the basis of the appellate court's opinion of the law at the time of the later review.

---

[27] Stella Sales, 97 Wn. App. at 17-18 (quoting Anderson & Middleton Lumber Co. v. Quinault Indian Nation, 79 Wn. App. 221, 227, 901 P.2d 1060 (1995)).

[28] Culp formerly owned Cascade Recreation.

[29] State v. Schwab, 163 Wn.2d 664, 672, 185 P.3d 1151 (2008) (citing Roberson v. Perez, 156 Wn.2d 33, 41, 123 P.3d 844 (2005); Lutheran Day Care v. Snohomish County, 119 Wn.2d 91, 113, 829 P.2d 746 (1992)).

The appellate court may reconsider an earlier decision in the same case "where there has been an intervening change in the law."[30] It has discretion to apply this exception to the law of the case doctrine.[31] This rule does not purport to give this court any authority to modify a decision of our Supreme Court. We do not have that authority. We are obliged to follow a decision of the Supreme Court.

## CONCLUSION

Lake Whatcom Railway fails to establish that the trial court's decisions violated federal law. The court properly determined that res judicata barred Lake Whatcom Railway from relitigating the legal effect of the 1901 deed, but we disagree with its interpretation of the 1931 deed. The trial court appropriately substituted parties. We have no authority under RAP 2.5(c)(2) to revise our Supreme Court's decision in Veach. For these reasons, we reverse in part and remand for further proceedings consistent with this opinion.

_Leach, C.J._

WE CONCUR:

---

[30] Schwab, 163 Wn.2d at 672-73 (citing Roberson, 156 Wn.2d at 42).
[31] Schwab, 163 Wn.2d at 672 (citing Roberson, 156 Wn.2d at 42).